Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/22/2017 08:11 PM CST

State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator,
v. Thomas A. Fitch, respondent.
___ N.W.2d ___

Filed September 8, 2017.    No. S-16-1164.

Original action. Judgment of public reprimand.

Heavican, C.J., Wright, Miller-Lerman, Cassel, Stacy, Kelch, and Funke, JJ.

Per Curiam.

## INTRODUCTION

This case is before the court on the conditional admission filed by Thomas A. Fitch, respondent, on June 7, 2017. The court accepts respondent's conditional admission and enters an order of public reprimand.

## FACTS

Respondent was admitted to the practice of law in the State of Nebraska on April 29, 1992. At all relevant times, he was engaged in the practice of law in South Sioux City, Nebraska.

On June 6, 2017, the Counsel for Discipline of the Nebraska Supreme Court filed amended formal charges against respondent. The amended formal charges consist of one count against respondent arising from his conduct in connection with the business of his client in which respondent was a participant. The formal charges state that on September 26, 2007, Doug Peterson met with respondent at respondent's office to review and notarize documents with regard to Peterson's agreement

to purchase real property in Dixon County, Nebraska. An abandoned gravel pit was located on the property, and it was Peterson's intent to reopen the gravel pit as an ongoing sand and gravel mining operation. Prior to September 26, respondent had represented Peterson on several matters. During their September 26 meeting, Peterson informed respondent that he was looking for ways to finance his nascent sand and gravel business.

Following the meeting, respondent invested in Peterson's sand and gravel business, and brought in a longtime friend as an investor. On February 12, 2008, "Peterson Sand & Gravel, LLC" (LLC) was formed. Respondent prepared all documents for the formation of the LLC. Respondent was one of four members of the LLC.

Initially, Peterson was elected as the manager of the company to manage the daily affairs of the company. Peterson was elected as president of the LLC, and respondent was elected as the secretary and treasurer. Eventually, Peterson resigned as president of the LLC because of concerns that his prior personal bankruptcy and current financial status might jeopardize the LLC's ability to obtain a Small Business Administration loan. On March 21, 2009, all members of the LLC accepted the resignation of Peterson regarding his membership in the LLC and all offices he held. Peterson continued to serve as the daily operations manager of the LLC through December 2013.

Despite his previous resignation as president of the LLC, Peterson signed as president of the LLC in a series of six promissory notes and commercial debt modification agreements with a bank in South Sioux City. Respondent also signed each of the loan documents as secretary/treasurer of the LLC. At the time the loan documents were inaccurately signed by Peterson as president and by respondent as secretary/treasurer, respondent knew that Peterson no longer served as president of the LLC. However, respondent failed to inform the bank that Peterson was no longer president of the LLC.

The amended formal charges allege that by his omissions, respondent violated his oath of office as an attorney, Neb. Rev. Stat. § 7-104 (Reissue 2012), and Neb. Ct. R. of Prof. Cond. §§ 3-501.3 (diligence), 3-501.8 (conflict of interest), and 3-508.4 (misconduct).

On June 7, 2017, respondent filed a conditional admission pursuant to Neb. Ct. R. § 3-313(B) of the disciplinary rules, in which he conditionally admitted that he violated his oath of office as an attorney and professional conduct rules §§ 3-501.3, 3-501.8, and 3-508.4. In the conditional admission, respondent knowingly does not challenge or contest the truth of the matters conditionally asserted and waives all proceedings against him in exchange for a public reprimand.

The proposed conditional admission included a declaration by the Counsel for Discipline, stating that respondent's proposed discipline is appropriate and consistent with sanctions imposed in other disciplinary cases with similar acts of misconduct.

## ANALYSIS

Section 3-313, which is a component of our rules governing procedures regarding attorney discipline, provides in pertinent part:

> (B) At any time after the Clerk has entered a Formal Charge against a Respondent on the docket of the Court, the Respondent may file with the Clerk a conditional admission of the Formal Charge in exchange for a stated form of consent judgment of discipline as to all or part of the Formal Charge pending against him or her as determined to be appropriate by the Counsel for Discipline or any member appointed to prosecute on behalf of the Counsel for Discipline; such conditional admission is subject to approval by the Court. The conditional admission shall include a written statement that the Respondent knowingly admits or knowingly does not challenge or contest the truth of the matter or

matters conditionally admitted and waives all proceedings against him or her in connection therewith. If a tendered conditional admission is not finally approved as above provided, it may not be used as evidence against the Respondent in any way.

Pursuant to § 3-313, and given the conditional admission, we find that respondent knowingly does not challenge or contest the matters conditionally admitted. We further determine that by his conduct, respondent violated conduct rules §§ 3-501.3, 3-501.8, and 3-508.4 and his oath of office as an attorney licensed to practice law in the State of Nebraska. Respondent has waived all additional proceedings against him in connection herewith. Upon due consideration, the court approves the conditional admission and enters the orders as indicated below.

## CONCLUSION

Respondent is publicly reprimanded. Respondent is directed to pay costs and expenses in accordance with Neb. Ct. R. §§ 3-310(P) (rev. 2014) and 3-323 of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

Judgment of public reprimand.